**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

ENERGY ROYALTIES CORP.
AND JOHN C. NIX, JR.                                                                      PLAINTIFFS

V.                                              CIVIL ACTION NO. 3:07-cv-219 HTW-LRA

DENBURY ONSHORE, LLC;  J.P.OIL COMPANY, INC.;
L.M. LACOSTE D/B/A ARC ELECTRIC COMPANY;
C.A. HOBBS, JR.;  C.A. HOBBS, III;  LLOYD PONSON;
EDITH PONSON;  GILBERT NELSON;  WILLIAM H.
HUNT;  ANN HUNT                                                                            DEFENDANTS

## **ORDER**

Denbury Onshore, LLC., and its predecessor in interest J.P. Oil Company, defendants, removed this case on April 24, 2007, pursuant to Title 28 U.S.C. §§ 1441, 1446 and 1332.[1]  Now, before the court are two motions, the plaintiffs' motion to

---

[1] Title 28 U.S.C. 1441 (a) states in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

"Title 28 U.S.C. 1446(b) states in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

Title 28 U.S.C. § 1332(a) provides in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-(1) citizens of different States; ..."

1

remand under Title 28 U.S.C. § 1447(c)[2] [**docket no. 15**], and the defendants' motion to realign the parties [**docket no. 24**].

## STATEMENT OF THE CASE

Plaintiffs, Energy Royalties Corp. and John C. Nix, Jr., brought this lawsuit in the Circuit Court of Lincoln County, Mississippi, on April 5, 2007, claiming unpaid royalties on 100% of a 1.6969% interest in the West Mallalieu Oil Field in Lincoln County, Mississippi, against the defendants Denbury Onshore, LLC., and its predecessor in interest J.P. Oil Company, Inc. (hereinafter the "defendants"). Both defendants are Delaware corporations. The plaintiffs also have named L.M. LaCoste d/b/a Arc Electric Company, C.A. Hobbs, Jr., C.A. Hobbs, III, Lloyd Ponson, Edith Ponson, Gilbert Nelson, William Hunt and Ann Hunt, all residents and entities from the State of Florida (hereinafter "the Florida defendants"). According to the plaintiffs, the Florida defendants were assigned the very 1.6969% royalty interest in question here in 1982 when the West Mallalieu Oil Field in Lincoln County was being operated by Shell Oil Company. However, say plaintiffs, the Florida defendants failed to pay the cost required by their assignments and that their assigned interests became null and void for that failure.[3] The plaintiffs say removal of this case to federal court is improper because

---

[2]Title 28 U.S.C. § 1447(c) provides in pertinent part that, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

[3]Defendants submit a letter from Shell Oil to the Florida defendants dated August 2, 1985, which says, "**Your assignees have not remitted payments to Shell Western E&P Inc., therefore, we are exercising the options provided us for collection of your delinquent account balance. Your account balance as of July 31, 1985 is $313,871.56**."

the plaintiffs' state court complaint has asserted valid state law claims against both the defendants and the Florida defendants.  The defendants respond that the Florida defendants are fraudulently joined in order to defeat diversity and that the parties may be realigned in order to have complete diversity.  The defendants ask that the plaintiffs' motion to remand be denied.

## RELEVANT FACTS

On or about April 23, 1982, Parker Energy Resources, the plaintiffs' predecessor in interest, made an assignment of a percentage of its interest in the West Mallalieu Field to L.M. LaCoste d/b/a Arc Electric Company, C.A. Hobbs, Jr., C.A. Hobbs, III, Lloyd Ponson, Edith Ponson, Gilbert Nelson, William Hunt and Ann Hunt, all the Florida defendants.  The assignments to the Florida defendants required them "to pay all cost incurred by Shell Oil Company, the operator, relating to 20% of all costs incurred by the Assignor in the West Mallalieu Field for the years 1982, 1983, and 1984."  Thereafter, beginning January 1, 1985, and every year thereafter, the Assignee was to receive 10% of all proceeds and pay 10% of all costs incurred by the Assignor.

It is undisputed that the Florida defendants failed to pay cost as required by the terms of the assignments which provided as follows:

> **In the event the Assignee does not pay cost as set out above prior to the expiration of 120 days after cost becomes due, the Assignment is to be null and void**.

---

Presumably, one of the options referred to is to regard the assignments null and void and to pay costs out of any royalties that would have otherwise been payable to the Florida defendants.

3

Now, Denbury Onshore, LLC., J.P. Oil Company, Energy Royalties Corporation, and John C. Nix, Jr., all agree that the Florida defendants lost their assigned interests in the West Mallalieu Field and have no part in the plaintiffs' claim against Denbury Onshore, LLC., and J.P. Oil Company.

After the Florida defendants failed to pay cost as alleged by the plaintiffs, Parker Energy, as the successor in interest to Shell Oil Company, reassigned these same interests (100% of 1.6969%) to Little Beaver Energy Corporation on May 18, 1989, without acknowledging that any other assignments were outstanding. Presumably, Parker Energy treated the assignments to the Florida defendants as null and void or non-existent. Little Beaver subsequently assigned 100% of 1.6969% to the plaintiffs in this case with no acknowledgment of any other assignments. Nevertheless, say plaintiffs, the assignments to the Florida defendants remain on the land records of Lincoln County, Mississippi, with no adjudication or other declaration that they now are null and void. Consequently, plaintiffs claim that they have not fraudulently joined the Florida defendants and must obtain a declaration that they no longer have an interest in 1.6969% royalty in question.

The plaintiffs say that in order to sustain their claims against Denbury Onshore, LLC. and J.P. Oil Company for alleged unpaid royalties, the plaintiffs must be able to establish that they own 100% of 1.6969% of the interest in the West Mallalieu Field. So, the Florida defendants are included in this lawsuit, argue plaintiffs, so that a state court judicial determination may be made regarding the continuing validity of the

assignments of royalty interest to the Florida defendants.[4]  These assignments, say plaintiffs, constitute a cloud on title of the plaintiffs' interest in the West Mallalieu Field. Plaintiffs further note that they desire to obtain a declaratory judgment in state court that the Florida defendants failed to comply with the terms of their assignment interests, and that these same assigned interests in West Mallalieu Field reverted to the plaintiffs as successors in interest to Parker Energy Resources.

## CONCLUSIONS OF LAW

This court agrees that without a judicial determination of the status of the assignments to the Florida defendants, the plaintiffs will be unable to satisfy their burden of proof in this case that they, and not the Florida defendants, are the true successors in interest to the 1.6969% royalty in question.  This court also is persuaded that the plaintiffs' claims against the Florida defendants may be pursued by way of a separate action for declaratory judgment in state court.  This court so finds, notwithstanding the arguments offered by the defendants that the assignments are void by their terms as a matter of law. As noted by the plaintiffs, "[t]he right of a complainant . . . to cancel, as a cloud on his title, an instrument void on its face, may not be impaired by its impotence to do practical harm to his title." *Silvey v. Upton*, 202 Miss. 485 (Miss. 1947).

Therefore, this court shall sever the plaintiffs' claim against the Florida

---

[4]Plaintiffs cite Rule 57(b) of the Mississippi Rules of Civil Procedure which provides that for a declaratory judgment "any person interested under a deed, will, written contract or other writing constituting a contract...may have determined any question of construction or validity arising under the instrument...and obtain a declaration of rights, status or other legal relations thereunder."

defendants and remand that portion of this case to the Circuit Court of Lincoln County, Mississippi under Rule 21 of the Federal Rules of Civil Procedure.[5]  Based on the rule enunciated in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996), abrogated on other grounds, *Cohen v. OfficeDepot, Inc.*, 204 F.3d 1069 (11th Cir. 2000),  fraudulent joinder can exist when diverse defendants such as Denbury Onshore, LLC. and J.P. Oil Company are joined with non-diverse defendants, such as the Florida defendants, as to whom there is no joint, several or alternative liability, and when the claim against the diverse defendants has no connection to the claims against the non-diverse defendants and the proofs to made against each by the plaintiff are different.  *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006); and *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002) (adopting *Tapscott*).   In the instant case the plaintiffs' claims against Denbury and J.P. Oil are for unpaid Royalties.  The plaintiff's claims against the Florida defendants is actually one to clear title to the 1.6969% royalty interest to which the plaintiffs contend to be the sole owners.

     The plaintiffs' claims are hereby severed in accordance with *Tapscott.*  The plaintiffs' claims against the non-diverse Florida defendants are remanded to the Circuit Court of Lincoln County, Mississippi, while the plaintiffs' claims against the diverse parties,  Denbury Onshore, LLC. and J.P. Oil Company shall remain to be adjudicated

---

[5]Rule 21 of the Federal Rules of Civil Procedure provides that, "[m]isjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party *or of its own initiative* at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

before this court.

Based on the foregoing, the motion of the plaintiffs to remand this case to state court [**docket no. 15**] is granted in part and denied in part.  In light of the court's determination to sever this case under Rule 21 of the Federal Rules.  The motion of the defendants to realign the parties [**docket no. 24**] is denied.

The parties to the suit here remaining are directed to contact the United States Magistrate Judge within ten (10) days of the date of this Order to obtain a Scheduling Order.

**SO ORDERED** this the 31st day of March, 2008.

s/ **HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:07-cv-219-HTW-LRA
Order